## METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. STAHL et al.

### No. 5319.

Circuit Court of Appeals, Third Circuit.

Sept. 11, 1934.

Mortimer C. Rhone, of Williamsport, Pa., for appellant.

James F. McClure, of Lewisburg, Pa., and A. Francis Gilbert, of Middleburg, Pa., for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and FAKE, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Middle District of Pennsylvania. The appellees' decedent, John C. Stahl, who was engaged in the stone quarrying business, died as a result of injuries which he received while aiding in replacing a toggle-plate in a stone crusher owned by him and operated in connection with that business. The appellees, beneficiaries of an

accident insurance policy issued by the appellant to Stahl in his lifetime, brought suit in assumpsit to recover $15,000, which was the face value of the policy. The jury returned a verdict in favor of the appellees for $15,000 with interest. This appeal is from the judgment entered on the verdict.

The appellant claims that Stahl received the injuries, from which he died, while engaged in an occupation more hazardous than that for which the policy provided insurance, and that, because of statements made by Stahl in his application for the policy and because of provisions contained in the policy, the amount of the verdict and judgment is excessive.

In his application for the policy Stahl stated: "My occupation is Proprietor, inspecting only not superintending"; and "The duties of my occupation are fully described as follows: Proprietor, inspecting only not superintending." The policy contains the following provisions:

"Change of Occupation. 1. This policy includes the endorsements and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the Company's classification of risks and premium rates in the event that the Insured is injured after having changed his occupation to one classified by the Company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the Company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate but within the limits so fixed by the Company for such more hazardous occupation.

"If the law of the State in which the Insured resides at the time this policy is issued requires that prior to its issue a statement of the premium rates and classification of risks pertaining to it shall be filed with the State official having supervision of insurance in such State then the premium rates and classification of risks mentioned in this policy shall mean only such as have been last filed by the Company in accordance with such law, but if such filing is not required by such law then they shall mean the Company's premium rates and classification of risks last made effective by it in such State prior to the occurrence of the loss for which the Company is liable."

The appellant had duly filed its statement of the premium rates and classification of risks with the proper insurance official at Harrisburg, Pa. It was incorporated by reference into the policy. The following extracts are relied upon by the appellant:

"Limits of Risk.

"The maximum limits of single Principal Sum and/or single Weekly Indemnity for the various classifications given in this Manual are as follows:

Limit of Risk.

| Classification | Principal Sum | Weekly Indemnity |
|---|---|---|
| A .......... | $15,000 | .......... $50.00 |
| B .......... | 15,000 | .......... 50.00 |
| C .......... | 15,000 | .......... 50.00 |
| D⁺.......... | 7,500 | .......... 25.00 |
| D .......... | 3,000 | .......... 15.00 |
| E .......... | 2,000 | .......... 15.00 |
| F .......... | 2,000 | .......... 15.00 |
| G .......... | 1,500 | .......... 10.00 |
| H .......... | 1,000 | .......... 5.00 |

\* \* \*

"The limits apply to all occupations in the respective classifications unless otherwise specified immediately following occupational statement. Policies for greater amounts of Principal Sum and/or Weekly Indemnity cannot be issued without written approval of the Home Office.

"Selected risks in Class D are designated by asterisk (\*).
Quarry:
Foreman or Superintendent, not handling explosives ...........................E
Proprietor, superintending only, not handling explosives ......................E
Proprietor, inspecting only, not superintending .............................D\*
Proprietor, Superintendent or Foreman, handling explosives ..................G
Proprietor, office duties only, not at quarry ..................................A
Quarryman ...........................G"

The policy was issued under classification D\*. The appellant contends that, if the jury found that Stahl was injured while performing work properly classified as that of "Quarryman," the premium paid would have purchased a minimum of $1,500 insurance and a maximum of $6,750; that, if he was injured while performing work properly classified as "Foreman or Superintendent," the premium paid would have purchased $11,250 insurance; and that that sum was the limit of recovery.

The policy under the heading "Change of Occupation," supra, provides for two alternative contingencies: (1) If the insured is

injured after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or (2) if he is injured while he is doing any act or thing pertaining to any occupation so classified. In either event, the appellant agreed to pay only such portion of the indemnity provided in the policy as the premium paid would have purchased at the rate but within the limit fixed by the company for such more hazardous occupation.

The District Court properly presented to the jury the question as to whether Stahl had changed his occupation from that set out in his application for insurance to one classified as more hazardous. It failed to present to the jury the question as to whether Stahl was injured while doing any act or thing pertaining to any more hazardous occupation than that set forth in his application for insurance. The District Court, throughout the trial and in its charge, adhered to the view that there could be no abatement from the face amount of the policy unless the jury found that Stahl habitually and continuously did such acts or things that his occupation was changed from that of proprietor and inspector to one of a more hazardous nature. We think the District Court should have permitted the jury to determine, not only whether there was an actual change of occupation, but also whether, at the time the accident occurred, Stahl was doing an act or thing ordinarily done by one engaged in a more hazardous occupation. We conclude that failure to instruct the jury upon the second of the alternative contingencies which would avoid liability under the policy was error which resulted in prejudice to the appellant.

The judgment is reversed, with direction for a new trial.